**In the United States District Court**
**For the District of Kansas**

| | | |
|---|---|---|
| Gerene Hamilton, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07-2549-JAR-DJW |
| Mark Wilcox, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Stipulated Protective Order

The court, upon the joint motion of plaintiffs and defendants, approves and enters the following Stipulated Protective Order under Fed.R.Civ.P. 26(c):

**1.     Purpose of Order; Good Cause.**  The purpose of this Order is to prevent the disclosure of documents and information deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this lawsuit. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment, as well as to prevent the dissemination of records that are protected from disclosure under the Kansas Open Records Act, *see* K.S.A. 2007 Supp. 45-221(a), or whose disclosure is restricted or prohibited by law. Plaintiffs, who are African-American, allege that on November 18, 2005, defendants, Kansas City, Kansas police officers, entered the home of plaintiffs Gerene and Bobby Hamilton, where a birthday party was being held in the basement for plaintiff TyEisha Jennings, without probable cause or a search warrant. Plaintiffs allege that the officers pushed their way though a rear basement door without permission, declared that the party was "over," and ordered those present to leave immediately, all without any lawful basis.

1

They allege that, when some adults and juveniles questioned the necessity for them to leave, defendants unlawfully detained and arrested the plaintiffs, using excessive force on some of them. Plaintiffs claim that defendants' actions violated their Fourth and Fourteenth Amendment rights and caused them damages, including physical pain and suffering, medical expenses, lost wages, attorney fees and other court-related expenses, inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, and emotional pain and suffering. Discovery in this case may seek documents and information of a private or confidential nature from both parties and non-parties, including, but not limited to, medical, employment, education, financial, and tax records; defendants' personnel, disciplinary, and training records; records of internal affairs complaints and investigations; criminal investigation records; criminal history record information; and other documents and information of a private or confidential nature.  The privacy interests in the documents and information substantially outweigh the public's right of access to judicial records. For these reasons, the court finds that good cause exists for the entry of this Order.

       **2.**    **Confidential Documents and Information.**  The following categories of documents, and the information contained in them, if produced or disclosed during the litigation, shall be treated as confidential and used only for purposes of this lawsuit:

    a.    Medical, employment, education, financial, and tax records of parties and non-parties;

    b    Medical, psychiatric, psychological, or alcoholism or drug dependency treatment records maintained by the Unified Government or Wyandotte County Sheriff's Office that pertain to identifiable patients (K.S.A. 2007 Supp., 45-221(a)(3));

    c.    Personnel records, performance ratings, or individually identifiable records pertaining to present or former employees or applicants for employment with the Unified Government or Wyandotte County Sheriff's Office, except those designated as open records by K.S.A. 2007 Supp. 45-221(a)(4) and amendments thereto;

d.      Documents that contain the home addresses or telephone numbers of present or former police officers or Sheriff's deputies that are not listed in a current, publicly disseminated telephone directory;

e.      Complaint records of present or former police officers or Sheriff's deputies maintained by the Unified Government or the Wyandotte County Sheriff's Office;

f.      Records maintained by the Unified Government or the Wyandotte County Sheriff's Office concerning investigations of complaints against present or former police officers or Sheriff's deputies;

g.      Records of disciplinary action taken against present or former police officers or Sheriff's deputies;

h.      Training files maintained by the Unified Government or the Wyandotte County Sheriff's Office on present or former police officers or Sheriff's deputies;

i.      Testing and examination materials and records of individual test or examination scores, except those designated as open records by K.S.A. 2007 Supp. 45-221(a)(9) and amendments thereto;

j.      Criminal investigation records, as defined in K.S.A. 2007 Supp. 45-217(c) and amendments thereto (K.S.A. 2007 Supp. 45-221(a)(10));

k.      Criminal history record information, as defined in K.S.A. 22-4701(b) and amendments thereto (K.S.A. 22-4707(a));

l.      Juvenile offender information as defined in K.S.A. 38-1617(c) and amendments thereto (K.S.A. 38-1618(e));

m.      Records of law enforcement officers and agencies and municipal courts concerning a public offense committed or alleged to have been committed by a juvenile, except those records expressly declared to be open by K.S.A. 38-1608 and amendments thereto; and

n.      Other documents that are not required to be open under K.S.A. 2007 Supp. 45-221(a) and amendments thereto or whose disclosure is restricted or prohibited by law.

3.     **Definitions.**

a.     **"Document."**  As used in this Order, "document" shall mean any written, recorded, graphic, electronic, or other matter, whether produced, reproduced, or stored on paper, cards, tapes, belts, charts, film, disks, drives, servers, or any other medium, and includes, but is not limited to, agreements, applications, calendars, charts, complaints, correspondence, deposition testimony, diagrams, diaries, drafts, drawings, electronic mail, evaluations, files, graphs, interrogatory answers, journals, ledgers, letters, manuals, memoranda, minutes, notes, photographs, plans, proposals, records, reports, responses to requests for admissions, non-party responses to subpoenas, statements, stenographic recordings, studies, tape recordings, transcripts, and video recordings.

b.     **"Confidential document."**  As used in this Order, "confidential document" means any document designated as confidential in the manner provided by paragraph 4 of this Order.

4.     **Designating Documents as Confidential.**  All documents produced, given, or otherwise disclosed in discovery, which the producing party after review and in good faith believes are confidential, shall be designated as confidential by the producing party by conspicuously stamping or labeling each page containing confidential information with the word "Confidential." Documents shall not be treated as confidential under this Order unless they are stamped or labeled in this  fashion, except as provided in this Order. The inadvertent failure to designate a document as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the document and the information in it shall be treated as confidential only after being properly designated.  Unless otherwise ordered by the court or stipulated by the parties, only documents relating to the subjects enumerated in paragraph 2 may be designated as confidential. Parties to this

4

action may designate deposition testimony relating to the subjects enumerated in paragraph 2 as confidential by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon, of the pages and lines of the deposition that the party believes fall under paragraph 2.  Alternatively, any party may, on the record at the deposition, designate deposition testimony as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

**5.     Disclosure of Confidential Documents or Information.**  Confidential documents and the information contained in them are to be treated as such by the party receiving them and shall be utilized by the receiving party only for the prosecution or defense of this case. Confidential documents and information may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, or upon order of the court:

a.     The court and court personnel, including any special master or mediator appointed by the court, and members of the jury;

b.     Persons with prior knowledge of the confidential documents or information;

c.     The parties and counsel of record for the parties;

d.     Counsel's legal and clerical assistants and staff engaged in the conduct of this action;

e.     Court reporters, videographers, and independent document reproduction services or document recording and retrieval services;

f.     Any expert witness or outside consultant retained or consulted by any party, but only if such person needs such confidential documents or information;

g.     Any potential, anticipated, or actual fact witnesses and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying; and

h.     Any mediator agreed to by the parties, but not appointed by the court.

**6.      Duties of Persons Disclosing Confidential Documents or Information.**

Before disclosing confidential documents that have been received or disclosed in this litigation or the information contained in them to any person under Paragraphs 5(d), (e), (f), (g), or (h), the party or person making the disclosure shall:  (1) provide the person a copy of this Order and an opportunity to read and review it; and (2) obtain the signature of the person on the attached Agreement. Except as otherwise provided in this Order, no document designated as confidential under the terms of this Order or the information contained in it shall be disclosed to any person who fails or refuses to sign the attached Agreement, unless the party who designated the document as confidential consents in writing to the disclosure or the party seeking to disclose the document or information obtains an order from the court authorizing the disclosure. The person making the disclosure shall keep a record of the names of persons to whom confidential documents or information were disclosed, including a list of the documents disclosed to each person.

**7.      Duties of Persons Given Access To Confidential Documents or Information.**  Each person given access to confidential documents or the information contained in them under Paragraphs 5(d), (e), (f), (g), or (h) of this Order shall segregate such material, keep it strictly secure, and refrain from disclosing it in any manner, and shall keep such documents and information confidential, except as provided by the express terms of this Order. Persons given access to confidential documents shall not make copies, duplicates, extracts, summaries, or descriptions of such documents or the information contained in them, except as necessary to the conduct of this action. Any copies, duplicates, extracts, summaries, or descriptions of documents or information that have been designated as confidential shall be classified as confidential, subject to all of the terms and conditions of this Order.

**8.      Disputes Concerning Designation of Confidential Documents.**  Any party

may request in writing to the party who has designated a document as "Confidential" that the designation be modified or withdrawn. If any party disputes the confidentiality of a document marked as "Confidential," the disputing party shall state that objection, including the basis for it, by letter to the designating party within 14 days of the designation. The parties shall confer and attempt to resolve any dispute concerning the confidentiality of the document. If the parties are unable to resolve the dispute, the designating party must move the court to have the document at issue declared confidential within 21 days of the failure to resolve the dispute. The burden shall be on the designating party to establish good cause for designating the document as confidential.  Unless and until the court enters an order changing the confidential designation of the document, the document shall continue to be protected as provided for in this Order.

   **9.     Use of Confidential Documents and Information.**  Unless otherwise ordered by the court, the parties and their counsel have the right to use confidential documents and the information contained in them in the trial of this case, subject to any pretrial order issued by the court. The parties and their counsel shall exercise good faith in disclosing confidential documents and the information contained in them in the public record in this case, shall redact personal data identifiers and confidential information in accordance with D.Kan.Rule 5.4.14, and, when warranted, shall move for leave to file the documents under seal, as provided in D.Kan.Rule 5.4.6. In the event confidential documents or the information contained in them are used in any court proceeding in this case, such documents or information shall not lose their confidential status and the terms of this Order shall govern future disclosure of the documents or information by persons subject to it.

   **10.     Right to Object and Privileges Not Waived.**  The parties do not waive any legal right or privilege to object to the production of any document or the information contained in

it, including any right or privilege under the work product doctrine or attorney-client privilege. Further, the parties do not waive any right or privilege to object at trial to the admissibility of any document that that falls under the scope of this Order or the right to file a motion in limine regarding the use of any such document or the information contained in it.

**11.     Disclosure of Party's Own Confidential Documents and Information.**

Nothing in this Order shall prevent a party from disclosing its own confidential documents or information to any person under whatever terms or conditions it deems necessary.

**12.     Subpoena or Compulsory Process.**  Nothing in this Order  shall prevent any party who has received confidential documents from producing them in response to a lawful subpoena or other compulsory process, provided that the party shall give notice of the subpoena or compulsory process to the designating party's counsel by telephone or facsimile as soon as reasonably practical, shall furnish such counsel with a copy of the subpoena or other compulsory process so as to afford the designating party a reasonable opportunity to seek a protective order, and shall not produce such confidential documents prior to receiving a court order or consent of the designating party's counsel if application for a protective order is timely made.

**13.     Binding Effect of This Order.**  This Order is binding upon the parties, all counsel for the parties, and all persons to whom disclosure of confidential documents and the information contained in them are limited under the terms of this Order and who have agreed to be bound by the terms of this Order.

**14.     Return of Confidential Documents.**  Within 90 days of final termination of this action, including any appeals, documents designated as confidential, including copies, duplicates, extracts, summaries, or descriptions of the documents or the information contained in them, shall at the designating party's written election be returned to the designating party, except

8

that counsel of record may retain for their files, copies of any of their own work product, attorney-client communications, pleadings, court filings, briefs and exhibits, and deposition, hearing, and other transcripts and exhibits that incorporate or contain confidential material. Before returning confidential material, the party in possession and the party's counsel shall make reasonable efforts to take possession of all such material that was disclosed to any person, directly or indirectly, by or though such party. The written election must be received by the party in possession of the confidential documents no later than 30 days after the termination of this action. If no written election is received by this time, the documents either may be destroyed or retained and, unless destroyed, shall continue to be treated as confidential. If the designating party elects to require the return of the documents, it shall be done at the designating party's expense. The party who possessed the material shall verify the return by writing furnished to the designating party, upon the designating party's request.

**15.    Termination of Proceedings, Jurisdiction; Leave to Reopen.**  The court's jurisdiction to enforce this Order shall terminate upon final disposition of the case.  The termination of proceedings, however, shall not relieve the parties and their counsel of record or any person who has agreed to be bound by the terms of this Order from the obligations of this Order, unless the court orders otherwise. Any party may seek leave to reopen the case to enforce the provisions of this order.

It is so ordered.

Dated this 11th day of June 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

**Approved:**

ARTHUR BENSON & ASSOCIATES


By_s/Arthur A. Benson II_____
Arthur A. Benson II, D.Kan.#70134
Jamie Kathryn Lansford,  D. Kan. #70220
4006 Central Avenue
P.O. Box 119007
Kansas City, Missouri 64171-9007
(816) 531-6565
(816) 531-6688 (telefacsimile)
abenson@bensonlaw.com
jlansford@bensonlaw.com
Attorneys for Plaintiffs


 s/Sean P. McCauley_____
Sean P. McCauley      KS #20174
BUKATY & McCAULEY, CHTD.
8826 Santa Fe Drive, Suite 218
Overland Park, Kansas 66212
Telephone: (913) 341-1040
Facsimile: (913) 385-5535
Email: smccauley@bukatylaw.com
Attorneys for Defendant Detective R. Nepote


s/Henry E. Couchman Jr._____
Delia M. York #15640
Henry E. Couchman Jr. #12842
Unified Government of Wyandotte County/Kansas City, Kansas
Legal Department
Municipal Office Building
701 N. 7th Street
Kansas City, KS 66101
(913) 573-5060
(913) 573-5242 (Fax)
dyork@wycokck.org
hcouchman@wycokck.org

Attorneys for Defendants Mark Wilcox, Wayne Hopkins,
Sgt. Kenneth Schafer, Scarlett V. McConnell, and Amy Allen

**In the United States District Court**
**For the District of Kansas**

| | | |
|---|---|---|
| Gerene Hamilton, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07-2549-JAR |
| | ) | |
| Mark Wilcox, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Agreement to be Bound by Stipulated Protective Order

I, _____, affirm that I have read the Stipulated Protective Order entered

by the court on _____, 2008 and knowingly and voluntarily agree to be bound by its terms.

I understand that, under the terms of the Stipulated Protective Order, I am required to segregate

confidential documents and information disclosed to me, to keep such material strictly secure, to refrain

from disclosing it in any manner, and to keep it confidential, except as provided by the express terms

of the Stipulated Protective Order.  I further understand that I may not make copies, duplicates, extracts,

summaries, or descriptions of confidential documents or the information contained in them.  I agree that

I will return any confidential documents to the person who disclosed them to me upon that person's

request.

_____
(Signature)


_____
(Date)